**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jamel Williams, ) | Case No. 2:25-cv-01072-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Reed Evans (The State), ) | |
| (NBC News 2) Tim Kosch, and ) | |
| Chris Hilgendorf (ABC News 4), ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jamel Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the Complaint and submit a recommendation to the United States District Judge. For the following reasons, the undersigned **RECOMMENDS** that this action be summarily **DISMISSED**, without prejudice and without issuance of service of process.

**BACKGROUND**

Plaintiff's initial Complaint attempts to bring claims against: Reed Evans, as Assistant Solicitor; Tim Kosch, as Director of Development for NBC News 2; and Chris Hilgendorf, as Director of ABC News 4. (Dkt. No. 1 at 4–5.) The Complaint appears to allege claims against these individuals under 42 U.S.C. § 1983 and South Carolina state law. (*Id*. at 6.)

More specifically, the Complaint alleges violations of Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well as violations of South Carolina Code §§ 16-11-420, 16-11-440, and 16-11-450. (*Id*.) According to Plaintiff, the "government violated due process when it deprive[d] [him] of life, liberty, property without

following fair procedures" and "[t]he State declare[d] Plaintiff as a defendant and denied him the right to fair trial which violated his due [process rights]." (*Id*.) Specific to each named Defendant, Plaintiff alleges the following (verbatim):

> Reed Evans (The State)
> As a citizen of the United States, Solicitor Reed Evans denial Plaintiff the right to a immunity hearing under the 14th Amendment, as well as S.C. Codes § 16-11-410 to 450. Not only did the State denial Plaintiff the rights. The State represented the alleged victim as a client. When victim's wasn't a invited guest nor was victim's ever welcome into Plaintiff home. So therefor victim should been consider as a defendant according to S.C. Codes § 16-11-420 "Intruder or Attacker."
>
> Tim Kosch (NBS News 2)
> NBC News 2 created a story that public embarrass Plaintiff character, which lead to false information which harm reputation. Stories was published and spread false information, which and should be treated and held responsible of defamation of character.
>
> Chris Hilgendorf (NBC News 4)
> NBC News 4 created a articil about Plaintiff which spread false information when Plaintiff was inside of his own home and victim who the State represented never was invited nor had a permission to enter plaintiff home so therefore NBC News 4 should be held accountable as well for violating Plaintiff rights and for defamation of character.

(*Id*. at 7–8.)

The Complaint further alleges that Plaintiff was "found guilty at Allendale Court on or around January 6-9, 2020," after an "attacker or intruder" entered his home on March 18, 2018. (*Id*. at 9.) Plaintiff claims that he was "treated like a terrorist" and was denied "equal protection when he didn't receive[ an] immunity hearing." (*Id*.) Plaintiff claims that "Judge Carmen T. Mullen was aware that [his] rights [were] being violated" because Plaintiff's trial attorney "stated on the record that he didn't do a Stand Your Ground review," which led to "the intruder or attacker to be classif[ied] as a victim which resulted in the plaintiff to receive[] life plus 35 years sentence." (*Id*.) Plaintiff claims he suffered, *inter alia*, a wrongful conviction, slander of his character, post-traumatic stress disorder, and damage to his personal relationships. (*Id*. at 11.) As relief, Plaintiff's

Complaint requests that he be exonerated, that Defendants issue a public apology, and that he be awarded twenty-five million dollars, in addition to "mental therapy," punitive damages, and any other relief the Court deems appropriate. (*Id.*)

On April 14, 2025, Plaintiff filed an Amended Complaint. (Dkt. No. 13.) The Cover Letter attached to Plaintiff's Amended Complaint indicates that the "amended filing is . . . intended to replace the original complaint currently on file." (Dkt. No. 13-1 at 1.)[1] In his Amended Complaint, Plaintiff attempts to bring § 1983 claims against Carmen T. Mullen, Reed Evans, Katie McCallister, Ervin Ford, Tim Kosch, Chris Hilgendorf, Bryan P. Stirling, and Kevin Shwedo. (Dkt. No. 13 at 1.) Specific to each Defendant, Plaintiff claims (verbatim):

> Defendant Carmen T. Mullen is a sitting judge, sued in both her official and individual capacities, for knowingly allowing a Constitutional violation to proceed after being informed that a Stand Your Ground hearing was never held.
>
> Defendant Reed Evans is a state prosecutor who knowingly prosecuted Plaintiff without a proper pretrial immunity hearing, and is sued in both capacities.
>
> Defendant Katie McCallister, a SLED Special Agent, knowingly participated in unconstitutional procedures and is sued in both capacities.
>
> Defendant Ervin Ford, of Allendale Police department engaged in actions that violated Plaintiff's rights and is sued in both capacities.
>
> Defendants Tim Kosch (NBC News 2) and Chris Hilgendorf (ABC News 4) directed and authorized the unlawful release and broadcast of sensitive law enforcement materials, endangering Plaintiff's safety and rights. Each is sued in both capacities.
>
> Defendant Bryan P. Stirling, Director of the South Carolina Department of Correction, is responsible for detaining Plaintiff without lawful sentence documentation, constituting unlawful custody. Sued in both capacities.
>
> Defendant Kevin Schwedo, DMV Executive Director, is responsible for classifying Plaintiff as a violent offender on official public platforms without lawful basis. Sued in both capacities.

---

[1] In light of Plaintiff's *pro se* status, the undersigned has considered the allegations and claims raised in both Plaintiff's Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 13) when drafting this Report and Recommendation.

(*Id*. at 3–5.)

Plaintiff's Amended Complaint includes further factual allegations and details supporting his attempted claims. For example, the Amended Complaint alleges that "[o]n or around January 10, 2020, Plaintiff was processed and received by the South Carolina Department of Correction without a valid or lawfully signed sentencing order." (*Id*. at 5.) Plaintiff claims that "[t]he sentencing sheet was incomplete and unsigned which rendered Plaintiff's custody unauthorized and unlawful." (*Id*.) Plaintiff also claims that his trial attorney "admitted on the record that no Stand Your Ground hearing had occurred, and the trial court judge failed to initiate or correct this procedural violation." (*Id*.) Thus, Plaintiff claims he was "denied his statutory and constitutional right to a pretrial immunity hearing under South Carolina's Protection of Person and Property Act." (*Id*. at 5–6.)

In addition, Plaintiff claims that "Defendants conspired and/or acted in concert . . . to prosecute, convict, and detain Plaintiff in violation of the due process and equal protection clauses of the Fourteenth Amendment." (*Id*. at 6.) Further, Plaintiff alleges that "[a]gents of SLED, the Allendale Police Department, and associated law enforcement bodies released law enforcement materials and mugshots to media outlets (NBC and ABC) without consent, due process, or court order, resulting in reputational damages and public endangerment." (*Id*.) Plaintiff alleges that "[t]he DMV published false classifications of Plaintiff as a violent offender on public databases, without lawful justification, in violation of Plaintiff's liberty interest and constitutional protections." (*Id*.)

Ultimately, Plaintiff claims that his "ongoing incarceration and public classification have caused severe psychological, reputational, and physical harm, and he has been held unlawfully in a facility absent valid legal authority." (*Id*.) Plaintiff claims that he has "exhausted all available remedies and brings this claim in good faith and in pursuit of declaratory and compensatory relief

for these constitutional violations." (*Id*.)

Based on the foregoing, Plaintiff attempts to bring the following claims (verbatim):

Claim 1: Violation of Plaintiff's Constitutional Right to Due Process (U.S. Const. Amend. XIV)
Defendant Judge Carmen T. Mullen, acting under color of state law, violated Plaintiff's Fourteenth Amendment right to due process by failing to conduct a required Stand Your Ground immunity hearing. The Plaintiff's trial counsel explicitly stated on the record that no such hearing was held. The Judge failed to inquire further, provide the necessary pretrial immunity determination, or cure the procedural omission. This failure deprived Plaintiff of a critical substantive and procedural safeguard and rendered the entire trial fundamentally unfair.

Claim 2: Malicious Prosecution and Fabrication of Evidence
Defendant's Reed Evans (solicitor) and Katie McCallister (SLED Agent), while acting in their official capacities, initiated and pursued criminal prosecution based on knowingly false, incomplete, probable cause and included either fabrication or omission of material facts, violating Plaintiff's Fourth and Fourteenth Amendment Right.

Claim 3: Unlawful Detention and Hostage Conditions Without a Valid Sentence
Defendant Bryan P. Stirling (S.C.D.C Director), under color of law, caused Plaintiff to be unlawfully held in custody beginning January 10, 2020 , following intake and processing, without a valid, signed sentencing documentation rendered the detention unauthorized and unconstitutional, placing Plaintiff in danger, violating the Eighth and Fourteenth Amendments.

Claim 4: False Labeling and Defamation by a Government Entity
Defendant Kevin Shwedo, Executive Director of the South Carolina Department of Motor Vehicles (DMV), allowed Plaintiff's profile to be listed or flagged as a "violent offender" without legal basis or due process. This public dissemination of inaccurate and stigmatizing information violated Plaintiff's liberty interest under the "stigma-plus" doctrine of the Fourteenth Amendment.

Claim 5: Failure to Protect and Unlawful Disclosures of Private Information
Defendant's Ervin Ford (Allendale PD), Reed Evans (Solicitor) and Katie McCallister (SLED), acting in coordination or negligence, released protected information and a photograph of the Plaintiff to members of the media without legal justification, violating Plaintiff constitutional right to privacy and personal security under the Fourteenth Amendment.

Claim 6: Defamation and Irreparable Harm by Media Entities
Defendant's Tim Kosch (NBC News 2 Director of Development) and Chris Hilgendorf (ABC News 4 Director), acting with gross negligence or actual malice, broadcasted defamatory content derived from unlawfully disclosed law

enforcement materials, severely damaging Plaintiff's reputation, safety, and ability to secure redress. These actions caused lasting harm in violation of Plaintiff's rights under 42 U.S.C. § 1983 by leveraging state-originated misconduct.

(*Id*. at 7–10.)

The Amended Complaint requests relief in the form of: "judgment against all named Defendants, jointly and severally," compensatory damages in the amount of one hundred million dollars, "punitive damages against each Defendant in their individual capacity, in an amount to be determined by a Jury," "[d]eclaratory relief stating that: [] the sentencing order was constitutionally ab initio due to the absence of a valid sentence, failure to hold a required Stand Your Ground hearing, and other violations . . . ," injunctive relief "to prevent continued retaliation, to order the correction of official records, and to enjoin any further unconstitutional acts by the Defendants or their agents," other "[e]mergency injunctive or declaratory relief as needed to prevent ongoing harm or obstruction of justice during the course of this action," an award of all litigation costs, and any other relief the Court deems necessary. (*Id*. at 10–12.)

To date, Plaintiff has filed a plethora of miscellaneous "motions" related to his case.[2] (*See, e.g.*, Dkt. Nos. 12, 14, 18, 19, 20, 21.) Largely, these motions repeat the allegations in the Amended Complaint regarding Plaintiff's state court criminal charges and ask that the Court interfere with Plaintiff's ongoing post-conviction relief ("PCR") proceedings. Plaintiff also requests that the Court enter an injunction releasing him from custody until his constitutional claims are resolved.[3]

---

[2] To the extent Plaintiff attempts to add any new allegations or claims through these "motions" and the attachments thereto, Plaintiff may not do so. Indeed, "piecemeal pleading"—submitting multiple documents throughout the record to be considered as a single complaint—is not permitted because of the confusion it causes parties and courts. *See Breyan v. All Emps. of Columbia Care Ctr.*, No. 2:23-cv-4847-BHH-MGB, 2024 WL 1363811, at *3 n.5 (D.S.C. Mar. 7, 2024), *adopted*, 2024 WL 1349136 (D.S.C. Mar. 29, 2024), *aff'd*, No. 24-6335, 2024 WL 3580113 (4th Cir. July 30, 2024).

[3] In certain of these miscellaneous motions, Plaintiff alleges that he has been subjected to unconstitutional mailroom restrictions which impede his ability to serve copies of his filings on the Defendants. (*See, e.g.*, Dkt. Nos. 16, 19, 20.) However, the undersigned notes that Plaintiff has filed a substantial number of motions, letters, and notices in the short time this case has been pending, which does not indicate that he has been subjected to mailroom restrictions so severe as to deny him access to the Courts. (*See, e.g.*, Dkt. Nos. 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27.) Further, the Court has not authorized service of process in this case, so Plaintiff need not serve copies of his

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. This case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B)). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The U.S. Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a

---

filings on the Defendants at this time. Plaintiff also requests that the Court "seal" many of his filings; however, he has not provided any basis upon which the Court could find sealing necessary. (*See, e.g.*, Dkt. Nos. 16, 19, 20.)

complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Such is the case here.

## DISCUSSION

### I. Plaintiff Cannot Challenge His Criminal Conviction Under § 1983

At the outset, the undersigned notes that the allegations and claims presented in Plaintiff's pleadings center around his underlying state criminal conviction and PCR proceedings. (*See generally* Dkt. Nos. 1, 13.) Such claims must therefore be dismissed, as 42 U.S.C. § 1983 is not the proper vehicle through which to bring these claims.

Indeed, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that to recover damages for a conviction in violation of the Constitution, the conviction must first be successfully challenged:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or
> for other harm caused by actions whose unlawfulness would render a conviction or

8

> sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486–87.

Moreover, in addressing a damages claim, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Notably, the *Heck* Court's preclusive holding likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . —if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, a judgment in Plaintiff's favor on any of his § 1983 claims would necessarily imply the invalidity of his current incarceration, such that *Heck* applies to the instant case. (*See generally* Dkt. Nos. 1, 13.) And because Plaintiff has neither alleged nor shown that the fact or duration of his confinement has been invalidated in one of the manners prescribed in *Heck*, the undersigned finds that Plaintiff's § 1983 claims are subject to summary dismissal.

Further, with respect to Plaintiff's request for immediate release, the undersigned reiterates that release from prison is not a proper remedy in a civil rights case. Rather, such relief may be sought only in a habeas corpus action. *See Heck*, 512 U.S. at 481 (stating that a writ of habeas

corpus is the "exclusive remedy" for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from that confinement); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (explaining that a challenge to the duration of confinement falls within "the core of habeas corpus").

Regardless, allowing Plaintiff to further amend his complaint to bring a habeas claim would be futile in this instance. Indeed, it is well-settled that state prisoners must exhaust all available state-court avenues for challenging their convictions before they can seek habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Thus, a petitioner cannot pursue federal habeas relief under § 2254 until he has fairly presented his claims to each appropriate state court. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process). To satisfy this burden, a petitioner must show that both the operative facts and the controlling legal principles were presented to the highest state court. *Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015); *see also Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010) (noting that "a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them").

Upon review, Petitioner's PCR proceedings are ongoing.[4] Thus, any consideration of his habeas claims would require this Court to make findings on issues not yet decided by the appropriate state courts of South Carolina. Accordingly, Plaintiff's federal habeas claims are unexhausted and premature at this stage. *See Rogers v. Warden, McCormick Corr. Inst.*, No. 8:06-

---

[4] The undersigned takes judicial notice of the records filed in Plaintiff's underlying state criminal and PCR proceedings. *See* Allendale County Public Index, https://www.sccourts.org/caseSearch/ (limiting search to Allendale County, Plaintiff's name) (last visited Apr. 25, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

cv-2724-MBS-BHH, 2006 WL 4017752, at *4 (D.S.C. Oct. 5, 2006) ("Since Petitioner still has at least two viable state court remedies which have not been fully utilized (the pending PCR case and a petition for writ of certiorari in the South Carolina Supreme Court if the PCR case is unsuccessful), this Court should not keep this case on its docket while Petitioner is exhausting his state remedies."), *adopted*, 2007 WL 397370 (D.S.C. Jan. 30, 2007); *Goss v. Williams*, No. 2:18-cv-2938-BHH, 2020 WL 502635, at *2 (D.S.C. Jan. 31, 2020) (dismissing *pro se* § 2254 petition for failure to exhaust state remedies where PCR application was still pending before state court), *appeal dismissed*, 814 F. App'x 776 (4th Cir. 2020).

Relatedly, it is important "to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 27 (2004). To that end, the United States Supreme Court emphasized in *Younger v. Harris*, 401 U.S. 37 (1971), that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because Plaintiff's PCR proceedings have not yet concluded. *See Howell v. Wilson*, No. 4:13-cv-2812-JFA-TER, 2014 WL 1233703, at *3 (D.S.C. Mar. 25, 2014) (explaining that a PCR application is still part of a "pending criminal case

11

as that terminology is understood under *Younger* and its progeny") (internal quotation marks and citations omitted). The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Plaintiff can address his claims in his pending PCR proceedings. *Gilliam*, 75 F.3d at 904.

Because Plaintiff's case meets all three criteria for abstention under *Younger*, federal habeas relief is available only if "special circumstances" justify the provision of federal review. *Dickerson v. State of La.*, 816 F.2d 220, 224–26 (5th Cir. 1987). Based on the current record, Plaintiff has not shown the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests."). Here, Plaintiff is plainly able to challenge all relevant aspects of his underlying

criminal conviction in his PCR action, or in subsequent appellate proceedings, if necessary. Consequently, Plaintiff cannot demonstrate "special circumstances," or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. The undersigned therefore finds that Plaintiff's federal habeas claims would also be precluded under the *Younger* abstention doctrine. Affording him an opportunity to bring such claims at this juncture would therefore be futile.[5]

## II.     The Court Lacks Jurisdiction Over Plaintiff's State Law Claims

To the extent Plaintiff is attempting to assert claims sounding in state law for defamation or any other tort, such claims fail because purely state law claims are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 697–710 & nn.3–4 (1976) (finding that "any harm or injury to [Plaintiff's interest in his reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987) (noting negligence, in general, is not actionable under 42 U.S.C. § 1983). Further, the Court cannot exercise subject matter jurisdiction over any remaining state law claims at this time, as federal courts are courts of limited jurisdiction, meaning

---

[5] In addition, the undersigned notes that Defendants Mullen and Evans are likely entitled to immunity. Indeed, Defendant Mullen is a state court judge with absolute judicial immunity from suit for judicial actions taken in Plaintiff's underlying state court case. *See Mireles v. Waco*, 502 U.S. 9, 11 (1978); *Stumpf v. Sparkman*, 435 U.S. 349, 351–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (noting "[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his [or her] judicial actions"); *see also Thomas v. Charleston Cnty.*, No. 2:17-cv-1958-MBS-MGB, 2017 WL 11562553, at *4 (D.S.C. Sept. 5, 2017) ("To the extent Plaintiff seeks any injunctive relief, judges are protected from claims for injunctive relief by § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104–317, 110 Stat. 3847 (1996), which amended § 1983 to bar injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity.'"), *adopted*, 2020 WL 5569766 (D.S.C. Sept. 15, 2020), *aff'd*, No. 21-6646, 2021 WL 5985565 (4th Cir. Dec. 17, 2021). Further, prosecutors—such as Defendant Evans—"are immune from § 1983 claims where their challenged actions are intimately associated with the judicial phase of the criminal process." *See Cash v. Horn*, No. 7:16-cv-3654-MGL-PJG, 2017 WL 4174775, at *2 (D.S.C. Apr. 28, 2017), *adopted*, 2017 WL 4156456 (D.S.C. Sept. 19, 2017) (referencing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, any actions taken by a solicitor in preparing a criminal charge and prosecuting the case against a criminal defendant are part of the judicial process and therefore protected from suit under § 1983. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that absolute immunity is immunity from suit, rather than a mere defense to liability).

they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37 (1992). A federal court generally cannot exercise supplemental jurisdiction over state law claims without original jurisdiction over related federal causes of action. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"); *see also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). Because Plaintiff's federal claims are subject to summary dismissal, there is no basis for the Court to exercise jurisdiction over Plaintiff's remaining state law causes of action, and such claims must also be dismissed.

### III.     Plaintiff's Miscellaneous Motions Are Denied and/or Dismissed as Moot

Soon after filing his initial Complaint, Plaintiff filed a series of miscellaneous motions with the Court, including a Motion to Consolidate Cases (Dkt. No. 12), an Emergency Motion for Preliminary Injunction (Dkt. No. 14), a Motion to Amend (Dkt. No. 15), a Motion for Declaratory Judgment (Dkt. No. 16), a Motion for Temporary Restraining Order (Dkt. No. 18), an Emergency Motion to Compel Judicial Action (Dkt. No. 19), a Motion to Void Judgment (Dkt. No. 20), a Motion for Immediate Relief (Dkt. No. 21) and a Motion for Injunctive Relief (Dkt. No. 27). As noted, these motions generally recount the allegations in Plaintiff's Amended Complaint and request that the Court interfere with Plaintiff's underlying PCR action. (*See generally* Dkt. Nos. 12, 14, 16, 18, 19, 20, 21.) However, as described in greater detail above, Plaintiff's requests for injunctive relief are barred, and his request for immediate release seeks relief this Court simply

cannot provide in a civil rights case. *See Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . —if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck*, 512 U.S. at 481 (stating that a writ of habeas corpus is the "exclusive remedy" for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from that confinement); *see also Preiser*, 411 U.S. at 487–88 (explaining that a challenge to the duration of confinement falls within "the core of habeas corpus"). As such, Plaintiff's Emergency Motion for Preliminary Injunction (Dkt. No. 14), Motion for Temporary Restraining Order (Dkt. No. 18), Emergency Motion to Compel Judicial Action (Dkt. No. 19), Motion to Void Judgment (Dkt. No. 20), Motion for Immediate Relief (Dkt. No. 21) and Motion for Injunctive Relief (Dkt. No. 27) should be **DENIED**. What is more, Plaintiff's case is subject to summary dismissal. Accordingly, Plaintiff's Motion to Consolidate Cases (Dkt. No. 12), Motion to Amend (Dkt. No. 15), and Motion for Declaratory Judgment (Dkt. No. 16) should be **DISMISSED AS MOOT**.

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure the defects identified above by further amending his pleadings. Accordingly, the undersigned **RECOMMENDS** that the Court decline to give Plaintiff leave to further amend and **DISMISS** this action without prejudice and without issuance and service of process. In light of this recommendation, the Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

Further, Plaintiff's Emergency Motion for Preliminary Injunction (Dkt. No. 14), Motion for Temporary Restraining Order (Dkt. No. 18), Emergency Motion to Compel Judicial Action

(Dkt. No. 19), Motion to Void Judgment (Dkt. No. 20), Motion for Immediate Relief (Dkt. No. 21) and Motion for Injunctive Relief (Dkt. No. 27) are **DENIED**, and Plaintiff's Motion to Consolidate Cases (Dkt. No. 12), Motion to Amend (Dkt. No. 15), and Motion for Declaratory Judgment (Dkt. No. 16) are **DISMISSED AS MOOT**.

    IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 28, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).