IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamel Williams,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Reed Evans (The State), (NBC News 2) Tim Kosch, and Chris Hilgendorf (ABC News 4)<br><br>　　　　Defendants. | Case No. 2: 25-cv-1072-RMG<br><br><br>**ORDER** |

  This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court summarily dismiss this action, without prejudice, and without issuance of service of process. (Dkt. No. 29). Plaintiff filed an objection to the R & R. (Dkt. No. 47). For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R & R as the order of the Court.

**I.   Background**

  Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution and under South Carolina state law alleging violations of South Carolina Code § 16-11-420, 16-11-440, and 16-11-450. Generally, Plaintiffs claims concern his state prosecution, conviction, and reporting thereof. The Magistrate Judge's R & R thoroughly explains the allegations in Plaintiff's complaint and the relief Plaintiff seeks. (Dkt. No. 29 at 1-6).

  The Magistrate Judge issued an R & R recommending this Court dismiss Plaintiffs' § 1983 claims as improper challenges to his criminal convictions and dismiss Plaintiffs' state law claims

1

for lack of jurisdiction. (*Id.* at 8-15). Plaintiff filed an objection that largely restates the allegations in his complaint. (Dkt. No. 47). The matter is now ripe for the Court's review.

## II. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F.Supp.3d 654, 662 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**III.  Discussion**

Plaintiff's objections did not direct the Court to any specific errors in the Magistrate Judge's R & R and therefore are not specific objections warranting de novo review or requiring this Court to give an explanation for adopting the recommendation. Despite the lack of specific objection, the Court thoroughly reviewed the R & R, complaint, and record in this case and finds that the Magistrate Judge ably addressed the legal and factual issues and correctly recommended the Court dismiss Plaintiff's case without prejudice.

First, the Court agrees with the Magistrate that Plaintiffs § 1983 claims should be dismissed because they center around his underlying state criminal conviction and PCR proceedings. The Magistrate Judge correctly noted that the Supreme Court in *Heck v. Humphrey*, 512 U.S. 447 (1994) held that to recover damages for conviction in violation of the Constitution, the conviction must first be successfully challenged. Because Plaintiff has neither alleged nor shown that his confinement has been invalidated in one of the manners prescribed in *Heck*, the Court agrees that Plaintiff's § 1983 claims are subject to summary dismissal. Accordingly, Plaintiff's § 1983 claims are dismissed without prejudice.

Second, the Court agrees with the Magistrate Judge that Plaintiff's state law claims, seemingly for defamation and other torts, should be dismissed for lack of subject matter jurisdiction. Because Plaintiffs federal cause of action fails, the Court cannot exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

IV.     **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R & R (Dkt. No. 29) as the Order of the Court and **DISMISSES** this case without prejudice, without leave to amend, and without issuance of service.

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

May 22, 2025
Charleston, South Carolina